UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

R. ALEXANDER ACOSTA, SECRETARY OF
LABOR, United States Department of Labor,

    *Plaintiff,*

v.

EASTERN AWNING SYSTEMS, INC., and
STEPHEN P. LUKOS, an individual

    *Defendants.*

Civil Action No. 15-1692

---

## CONSENT JUDGMENT

This case concerns an action filed in this Court by Plaintiff, the Secretary of Labor ("Secretary"), pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq.* ("the Act"). The parties have agreed to resolve all matters in controversy in this action and consent to entry of a Judgment and Order by this Court in accordance herewith.

    A.    The Secretary's Complaint alleges that Defendants Eastern Awning Systems, Inc. and Stephen P. Lukos intentionally and unlawfully terminated the employment of MARY DELEON and FRANCIS ESPINAL because of their exercise of rights secured by the Act, and Defendants thereby engaged in conduct that violated Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

    B.    Defendants have filed an Answer responding to the allegations brought by the Secretary, in which they have denied that they violated the law or retaliated against MARY DELEON and/or FRANCIS ESPINAL.

C.   Defendants admit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants further admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

D.   This Order represents a complete resolution of all the Secretary's claims asserted in this action. The Parties expressly waive findings of fact and conclusions of law, except as otherwise set forth herein, and consent to the entry of this Order as a full and complete resolution of all claims which have been made, or could have been made, arising from the facts alleged in the Complaint, without trial or adjudication of any disputed issues of fact or law raised in the Complaint.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:

1.   The Court has jurisdiction over the Parties and the subject matter of this action and is empowered to provide the relief herein.

2.   Defendants and their agents, servants, employees, and all persons in active concert or participation with them, are hereby permanently enjoined and restrained from chilling the exercise of any person's rights under Section 11(c)(1) of the Act and from violating the provisions of Section 11(c)(1) of the Act by discriminating against, interfering with, restraining, or coercing any employee because such employee has made or filed any complaint or has instituted or caused to be instituted any proceeding under the jurisdiction of the Occupational Safety and Health Administration, or has testified or is about to testify in any such proceedings or because of the exercise by such employee(s) on behalf of themselves or others of any rights afforded by the Act.

3. The Complaint alleges the following types of damages for each of the Complainants: back wages, interest on back wages; emotional distress damages; and exemplary damages. The Parties hereby agree that, in full settlement of the foregoing and the allegations set forth in the Complaint, Defendants shall pay a total of $160,000 as described below.

   a. Defendants shall make a total payment of $124,000 to MARY DELEON. This payment is comprised of the following amounts concerning her: $24,000 in regard to the alleged back wages due to her; $1,000 in regard to the alleged interest concerning the alleged back wages; $37,000 in regard to her alleged emotional distress damages; and $62,000 in regard to her alleged exemplary damages.

   b. Defendants shall make a total payment of $36,000 to FRANCIS ESPINAL. This payment is comprised of the following: $2,800 in regard to the alleged back wages due to him; $200 in regard to the alleged interest concerning the alleged back wages; $15,000 in regard to his alleged emotional distress damages; and $18,000 in regard to his alleged exemplary damages.

   c. Defendants shall make payments pursuant to the schedule set forth in the table that follows by sending the applicable checks, IRS W-2 forms, and IRS 1099 forms to the United States Department of Labor, Occupational Safety and Health Administration, Attn: Michael Mabee, J.F.K. Federal Building, Room E-340, Boston, MA 02203 ("OSHA Office"). The Department of Labor will in turn provide the checks and forms to the Complainants. As regards each payment made pursuant to an IRS 1099 form, Defendants will comply with the applicable tax laws. The Secretary will not provide any tax advice to

Complainants but will instruct the Complainants that they should comply with applicable tax laws.

| Date by which the specified payment(s) must be made | Payment in regard to MARY DELEON | Payment in regard to FRANCIS ESPINAL |
|---|---|---|
| Upon execution of this Consent Judgment | Defendants will pay MARY DELEON $24,000 in regard to the alleged back pay due her, less normal payroll deductions. Defendants will provide a W-2 statement to MARY DELEON in regard to same. Defendants shall submit appropriate documentation to the Social Security Administration allocating back pay to the appropriate periods.<br><br>Defendants will also pay MARY DELEON a lump sum of $17,000 and issue an IRS Form 1099 in regard to same. | Defendants will pay FRANCIS ESPINAL $2,800 in regard to the alleged back pay due him, less normal payroll deductions. Defendants will provide a W-2 statement to FRANCIS ESPINAL in regard to same. Defendants shall submit appropriate documentation to the Social Security Administration allocating back pay to the appropriate periods.<br><br>Defendants will also pay FRANCIS ESPINAL a lump sum of $9,200 and issue an IRS Form 1099 in regard to same. |
| Within 30 days of the date on which this Consent Judgment is executed | Defendants will pay MARY DELEON a lump sum of $41,000 and issue an IRS Form 1099 in regard to same. | Defendants will pay FRANCIS ESPINAL a lump sum of $12,000 and issue an IRS Form 1099 in regard to same. |
| Within 60 days of the date on which this Consent Judgment is executed | Defendants will pay MARY DELEON a lump sum of $42,000 and issue an IRS Form 1099 in regard to same. | Defendants will pay FRANCIS ESPINAL a lump sum of $12,000 and issue an IRS Form 1099 in regard to same. |

    d.    If Defendants fail to make a payment in accordance with the payment schedule above, the Secretary will notify Defendants by certified mail of the failure. If Defendants do not cure the failure to make a payment within 5 calendar days of receiving such notice, the entire outstanding balance of the total $160,000 settlement amount shall become immediately due. If the entire outstanding balance becomes immediately due and Defendants

fail to pay it, post-judgment interest shall be assessed on any remaining unpaid balance of such amount, in accordance with 26 U.S.C. § 6621, from the date of the default until paid in full.

4. Within 30 days of execution of this Consent Judgment, Defendants shall post a complete copy of this Judgment, and the two Notices attached here as Exhibit A and B, for 90 days at Eastern Awning Systems, Inc.'s place of business on each bulletin board where other labor and employment law notices are posted or, if no bulletin board exists, in a prominent location at the facility, e.g. next to the employee time-clock, and shall notify the OSHA Office in writing that this posting has been made.

5. Within 30 days of execution of this Consent Judgment, Defendants shall provide neutral letters of reference for MARY DELEON and FRANCIS ESPINAL to the OSHA Office. Each letter shall set forward the starting and ending dates of employment, job title, and last rate of pay. If, in the future, any prospective employer requests a job reference for MARY DELEON or FRANCIS ESPINAL, Defendants will provide the foregoing information. Defendants also agree that nothing will be said or conveyed to any third party that could be reasonably construed as damaging the name, character, or employment of MARY DELEON or FRANCIS ESPINAL.

6. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of this civil action.

| For the Defendants: | For the Plaintiff: |
|---|---|
| *[signature]*<br>STEPHEN P. LUKOS, Defendant<br>DATE: 1-9-19<br><br><br>On behalf of Defendant EASTERN AWNING SYSTEMS, INC.<br>*[signature]*<br>Name: _____<br>Title: Pres<br>Date: 1-9-19<br><br>*[signature]*<br>Elizabeth R. McKenna<br>Littler Mendelson P.C.<br>One Century Tower<br>265 Church Street, Suite 300<br>New Haven, CT 06510<br>direct: (203) 974-8714<br>fax: (203) 974-8799<br>emckenna@littler.com<br><br>Attorney for Defendants, EASTERN AWNING SYSTEMS, INC. and STEPHEN P. LUKOS<br><br>DATE: 1/10/19 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Maia S. Fisher<br>Regional Solicitor<br>*[signature]*<br><br>Nathan C. Henderson (MA BBO No. 657763)<br>Senior Trial Attorney<br>henderson.nathan.c@dol.gov<br><br>Kelly Lawson<br>Counsel for Civil Rights<br>lawson.kelly@dol.gov<br><br>Suzanne Reilly<br>Senior Trial Attorney<br>reilly.suzanne@dol.gov<br><br>Attorneys for Plaintiff,<br>U.S. DEPARTMENT OF LABOR<br><br>Office of the Solicitor<br>JFK Federal Building, Room E-375<br>Boston, MA 02203<br>Tel: 617.565.2500<br>Fax: 617.565.2142<br><br>DATE: 10 Jan 2019 |

So Ordered:

/s/ MICHAEL P. SHEA
_____
United States District Judge